UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAUL REYNOSO, | No. |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| GRULLON BAKERY INC., GRULLON BAKERY #1 CORP., GRULLON BAKERY #2 CORP. and RAMON GRULLON, Individually, | Plaintiff Demands a Trial by Jury. |
| Defendants. | |

Plaintiff RAUL REYNOSO ("Mr. Reynoso" or "Plaintiff"), by and through his attorneys, Levine & Blit, PLLC, complaining of defendants GRULLON BAKERY INC., GRULLON BAKERY #1 CORP., GRULLON BAKERY #2 CORP. (collectively, the business entity defendants shall be referred to as "Grullon Bakery") and RAMON GRULLON ("Mr. Grullon") (hereinafter Grullon Bakery and Mr. Grullon shall be collectively referred to as "Defendants," unless referred to individually), hereby alleges:

## PRELIMINARY STATEMENT

1. This civil action is brought to remedy willful violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), the New York Labor Law ("Labor Law"), and the New York Codes, Rules, and Regulations ("NYCRR") concerning unpaid overtime wages, unpaid spread of hours, and for failure to provide notices and paystubs required by the Wage Theft Prevention Act ("WTPA").

1

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, specifically non-payment of overtime wages and unpaid spread of hours; an award of liquidated damages under the FLSA and Labor Law; statutory damages pursuant to the WTPA; prejudgment interest on the total amount of unpaid wages pursuant to the Labor Law; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Mr. Reynoso is a resident of the State of New York, New York County.

6. Grullon Bakery Inc. is a for-profit corporation, duly organized, existing, and conducting business in the State of New York, that maintains its principal place of business at 1493 St. Nicholas Avenue, New York, New York.

7. Grullon Bakery #1 Corp. is a for-profit corporation, duly organized, existing, and conducting business in the State of New York, that maintains its principal place of business at 3522 Broadway, New York, New York.

8. Grullon Bakery #2 Corp. is a for-profit corporation, duly organized, existing, and conducting business in the State of New York, that maintains its principal place of business at 575 West 187th Street, New York, New York.

9. Upon information and belief, at all times relevant to this action, Mr. Grullon was President, CEO, Principal, and Founder of Grullon Bakery.

10. At all times relevant to this action, Mr. Grullon possessed and exercised operational control and policy making authority over Grullon Bakery's employment policies, compensation policies, budgets, and payment of employee wages, and, as such, can be held individually liable for non-payment of Plaintiff's wages.

11. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and thus an entity covered by the FLSA.

12. Defendants have employees engaged in commerce or in the production of goods for commerce, and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and an annual gross volume of sales or business done in excess of five hundred thousand dollars ($500,000.00).

13. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

14. At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of applicable federal and state statute statutes and regulations.

## FACTUAL ALLEGATIONS

15. Mr. Reynoso worked for Defendants as a cook and baker between January 25, 2010 and February 4, 2015.

16. Mr. Reynoso typically worked twelve (12) hours per day for Defendants.

17. Between January 25, 2010 and May 25, 2010, Mr. Reynoso typically worked seven (7) days each week from approximately 4:00 p.m. until 4:00 a.m.

18. Between May 25, 2010 and February 4, 2015, Mr. Reynoso typically worked six (6) days each week from approximately 4:00 p.m. until 4:00 a.m.

19. Mr. Reynoso regularly worked more than forty (40) hours each week.

20. Mr. Reynoso regularly worked more than ten (10) hours each day.

21. During the first year of his employment with Defendants, Mr. Reynoso was paid $500 per week for all hours worked, including those over forty (40) that he worked each week.

22. After the first year of his employment with Defendants, Mr. Reynoso was paid $700 per week for all hours worked, including those over forty (40) that he worked each week.

23. Mr. Reynoso was paid in cash, and he was not provided with a paystub.

24. Mr. Reynoso did not receive a document in compliance with the notice requirements of the WTPA specifically identified in Labor Law § 195(1).

25. Mr. Reynoso did not receive a document in compliance with the notice requirements of the WTPA specifically identified in Labor Law § 195(3).

26. Mr. Reynoso did not receive overtime wages for all hours worked over forty (40) each week.

27. Mr. Reynoso did not receive spread of hours compensation when he worked more than ten (10) hours each day.

28. Upon Mr. Reynoso complaining of the quantity of hours worked and lack of vacation time without the payment of lawful wages and compensation, Mr. Grullon replied, "If you don't like it, you can go."

29. Defendants' non-payment of overtime wages and unpaid spread of hours, in addition to cash payments without lawful compliance with the WTPA, was willful and in bad faith; therefore, Plaintiff is entitled to recover liquidated damages under the FLSA and Labor Law.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
(Unpaid Overtime Wages in Violation of the FLSA)

30. Plaintiff here by repeats and realleges each allegation contained in paragraphs numbered 1 through 29, as if fully set forth herein.

31. Defendants were the employer of Plaintiff within the meaning of the FLSA.

32. Plaintiff was an non-exempt employee under the FLSA, and thus entitled to compensation at the overtime rate at which he was employed for any hours in excess of forty (40) that he worked in a given workweek.

33. Plaintiff worked in excess of forty (40) hours per week for Defendants on a weekly basis as described above, but was denied overtime wages.

34. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the FLSA was willful.

35. As the proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of lost overtime wages in the amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the Labor Law)

36. Plaintiff here by repeats and realleges each allegation contained in paragraphs numbered 1 through 35, as if fully set forth herein.

37. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

38. Plaintiff was an non-exempt employee under the Labor Law, and thus entitled to compensation at the overtime rate at which he was employed for any hours in excess of forty (40) that he worked in a given workweek.

39. Plaintiff worked in excess of forty (40) hours per week for Defendants on a weekly basis as described above, but was denied overtime wages.

40. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and Defendants have not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the Labor Law was willful.

41. As the proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of lost overtime wages in the amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Spread of Hours Compensation under the NYCRR)

42. Plaintiff here by repeats and realleges each allegation contained in paragraphs numbered 1 through 41, as if fully set forth herein.

43. Title 12 NYCRR § 146-1.6 (2011) requires that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum

6

hourly rate. . . . This section shall apply to all employees in restaurants . . . regardless of a given employee's regular rate of pay." *See also* 12 NYCRR § 137-1.7 (pre-2011).

44. Plaintiff worked in excess of ten (10) hours per day for Defendant on a daily basis as described above, but was denied spread of hours wages.

45. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and Defendants have not made a good faith effort to comply with the NYCRR with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the NYCRR was willful.

46. As the proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of lost spread of hours wages in an amount to be determined at trial and is entitled to recover the value of those unpaid spread of hours wages plus prejudgment interest pursuant to the NYCRR.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
#### (Violations of the WTPA, Labor Law § 195(1))

47. Plaintiff here by repeats and realleges each allegation contained in paragraphs numbered 1 through 46, as if fully set forth herein.

48. Defendant have failed to furnish to Plaintiff the information required by Labor Law § 195(1) at the time of his hiring or any time thereafter.

49. Due to Defendants' violations of the WTPA, Labor Law § 195(1), Plaintiff is entitled to recover statutory damages from Defendants in the amount of $50.00 per workweek that the violation occurred, not to exceed $5,000.00, plus attorney's fees and costs of this action.

7

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violations of the WTPA, Labor Law § 195(3))

50. Plaintiff here by repeats and realleges each allegation contained in paragraphs numbered 1 through 49, as if fully set forth herein.

51. Defendant have failed to furnish to Plaintiff with each payment of wages a statement that complies with the statutory requirement under Labor Law § 195(3), nor has Plaintiff received any wage statements in compliance with Labor Law § 195(3).

52. Due to Defendants' violations of the WTPA, Labor Law § 195(3), Plaintiff is entitled to recover statutory damages from Defendants in the amount of $100.00 per workweek that the violation occurred, not to exceed $5,000.00, plus attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendants have violated the provisions of the FLSA, Labor Law, and NYRCC relating to unpaid overtime wages, unpaid spread of hours wages, and/or the notice requirements of the WTPA;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages to Plaintiff pursuant to the FLSA, Labor Law, and NYCRR for unpaid overtime wages and unpaid spread of hours wages;

d) An order awarding liquidated damages to Plaintiff pursuant to the FLSA and the Labor Law in an amount equal to the total amount of unpaid overtime wages;

e) An order awarding statutory damages to Plaintiff pursuant to the WTPA;

f) An order awarding prejudgment interest to Plaintiff on all unpaid overtime wages and unpaid spread of hours wages pursuant to the Labor Law and NYRCC;

g) An award of Plaintiff's reasonable attorney's fees;

h) An award of Plaintiff's costs of this action; and

i) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dates: July 26, 2016
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, New York 10118
Tel. (212) 967-3000
Fax (212) 967-3010
jclark@levineblit.com