UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAUL DE JESUS REYNOSO,

       Plaintiff,

 - against -

GRULLON BAKERY INC., GRULLON
BAKERY #1 CORP., GRULLON
BAKERY #2 CORP. and
RAMON GRULLON, Individually,

       Defendants.

---

16 Cv. 5968 (RMB)

**ORDER OF DEFAULT JUDGMENT**

Having reviewed the record herein, including without limitation: **(1)** Plaintiff's complaint, dated July 26, 2016 ("Complaint"), seeking relief for Defendants' alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations ("NYCRR"); **(2)** Plaintiff's Order to Show Cause for Default Judgment signed by the Court on August 3, 2018 ("Order to Show Cause"); **(3)** the transcript from the Order to Show Cause hearing held by the Court on December 3, 2018; **(4)** Plaintiff's letter, dated April 19, 2019, which states: "As this firm and my client have been unable to locate the residential or business address for the individual defendant and the remaining corporate entity defendants are inactive, plaintiff consents to the dismissal of the claims against those defendants (i.e., Grullon Bakery Inc., Grullon Bakery #2 Corp., and Ramon Grullon);" and **(5)** Plaintiff's declaration and proposed Order of Default Judgment, dated March 27, 2020 ("Declaration" and "Proposed Order," respectively), which seeks default judgment against Defendant Grullon Bakery #1 Corp. and an award in favor of Plaintiff in the total amount of $235,189.52 plus post-judgment interest pursuant to 28 U.S.C. § 1961, it is

1

ORDERED, ADJUDGED AND DECREED, that the plaintiff Raul De Jesus Reynoso have judgment against Defendant Grullon Bakery #1 Corp., in the amount of $224,604.52, plus post-judgment interest pursuant to 28 U.S.C. § 1961 from the date judgment is entered. The calculation of damages is as follows:

- Unpaid overtime wages pursuant to the FLSA: $107,029.76.[1]

- Liquidated damages pursuant to the FLSA for unpaid overtime wages: $107,029.76.

- Spread-of-hours wages pursuant to the NYLL/NYCRR: $10,545.

The total amount of relief sought in the Proposed Order ($235,189.52) appears to include liquidated damages on the spread-of-hours claim in the amount of $10,545. See Declaration at 5; Proposed Order at 2. However, a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." See Fed. R. Civ. P. 54(c); see also *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 4760345, at *1 (S.D.N.Y. Sept. 28, 2018) ("It is well-settled that a plaintiff cannot recover damages against a defaulted defendant for claims never alleged in its pleading"). Because Plaintiff only requested in the Complaint "an order awarding liquidated damages . . . in an amount equal to the total amount of unpaid overtime wages" and did not request liquidated damages on the spread-of-hours claim, Plaintiff is not entitled to liquidated damages on that claim. See Complaint at 8; Order to Show Cause at 3 ("This action seeks judgment for . . . the liquidated amount equal to the total amount of unpaid overtime wages"); Declaration at 2 ("This action seeks judgment for . . . the liquidated amount equal to the total amount of unpaid overtime wages"); see also *Jowers v. DME Interactive Holdings, Inc.*, 2006 WL 1408671, at *9 (S.D.N.Y. May 22, 2006) (holding that Rule 54(c) "bars

---

[1] The calculation of damages in Plaintiff's Declaration overstates the unpaid overtime wages for the period between January 26, 2011 and February 4, 2015 as $97,997.60, instead of $97,977.60. See Declaration at 4.

an award of liquidated damages" where the complaint "failed to make a specific request for liquidated damages" and "did not give notice that [plaintiff] was seeking liquidated damages by making a citation to the applicable provisions of New York's Labor Law.").

Additionally, although the Complaint seeks other forms of relief -- including declaratory relief, injunctive relief, statutory damages pursuant to the Wage Theft Prevention Act, prejudgment interest on unpaid overtime wages and spread-of-hours wages, reasonable attorneys' fees, and costs of the action -- those forms of relief are not included in the calculation of damages provided in Plaintiff's Declaration or accounted for in the relief sought in the Proposed Order. See Complaint at 8; Declaration at 4-5, Proposed Order at 2. These claims are waived and abandoned. See Declaration at 4-5, Proposed Order at 2; see also *Angamarca v. Pita Grill 7 Inc.*, 2012 WL 3578781, at *2 n.2 (S.D.N.Y. Aug. 2, 2012) ("Although Plaintiffs allege [certain costs] in their Complaint, they do not seek reimbursement for such costs in their submissions in support of a default judgment . . . [t]herefore, the Court should deem any claim for reimbursement of these costs waived."), *report and recommendation adopted*, No. 11-CV-7777 (S.D.N.Y. Dec. 14, 2012).

**Conclusion & Order**

Plaintiff's claims against Defendants Grullon Bakery Inc., Grullon Bakery #2 Corp. and Ramon Grullon are dismissed. Default judgment is entered against Defendant Grullon Bakery #1 Corp. and Plaintiff is awarded $224,604.52 plus post-judgment interest from the date judgment is entered. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
April 14, 2020

_____
**RICHARD M. BERMAN**
**U.S.D.J.**

3